BOLEMAN v. HENDERSON.

(Supreme Court, Appellate Division, Second Department. December 30, 1910.)

JUDGMENT (§ 161*)—DEFAULT—OPENING—ANSWER AND AFFIDAVIT OF MERIT—NECESSITY.

Where defendant, on moving to open a default judgment rendered for plaintiff on defendant's failure to answer an amended complaint, did not serve any proposed answer to the amended complaint, or any affi-

davit of merit, the only answer served being to the original complaint, it was improper to open the default.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 317, 318; Dec. Dig. § 161.*]

Appeal from Westchester County Court.

Action by Patrick Boleman against Annie C. Henderson. From an order opening a default judgment for plaintiff, and an order denying a motion to resettle the former order by striking an alleged improper recital therefrom, plaintiff appeals. Reversed.

See, also, 125 N. Y. Supp. 1113.

Argued before JENKS, BURR, THOMAS, RICH, and CARR, JJ.

Robert E. McLear (Herbert G. McLear, on the brief), for appellant. Henry C. Henderson, for respondent.

PER CURIAM. On this appeal the plaintiff brings up for review in this court two orders of the County Court of Westchester County, one dated March 5, 1910, opening a default suffered by the defendant, and one dated April 2, 1910, denying a motion by the plaintiff to resettle the order of March 5, 1910, by striking therefrom what is claimed to be an improper recital. The action was brought on an assigned claim to recover the sum of $200 for services rendered by one Woodward, for dentistry work, to the defendant and members of her family. The original complaint was demurred to by the defendant. Thereupon the plaintiff served an amended complaint. The defendant failed to answer this amended complaint, and judgment was entered against her on default. She thereupon applied to the County Court for an order to show cause why the default so taken should not be opened, and the judgment so entered vacated. She did not serve as a part of her motion papers any proposed answer to the amended complaint, nor any affidavit of merits. Before the return day of the order to show cause she served upon the plaintiff an answer. A comparison of this answer with the amended complaint shows that she must have been answering the original complaint, and not the amended complaint, for the denials in the answer so served do not meet the allegations set forth in the complaint as amended. As the matter stood, there was no proposed answer to the amended complaint, and no affidavit of merits. Under these circumstances, it was improper practice to open the default in question, and the order granting such relief should be reversed. As to the motion to resettle, there seems to be no denial whatever in the record as to the allegations set forth in plaintiff's moving papers, and, in any event, as the order opening the default must fail, the order denying the motion to resettle must follow a similar course.

Therefore the orders of March 5, 1910, and April 2, 1910, are reversed, with $10 costs and disbursements.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes